# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50631
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gabriel Gonzales-Landeros,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:23-CR-143-1

---

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gabriel Gonzales-Landeros appeals his conviction and sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). Gonzales-Landeros argues for the first time on appeal that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a) based on

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Although Gonzales-Landeros acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review, and he has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Gonzales-Landeros is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Gonzales-Landeros's motion is GRANTED, and the judgment is AFFIRMED.